**LOUIS VUITTON S.A., Plaintiff,**

v.

**DOWNTOWN LUGGAGE CENTER and "Jane Doe", Defendants.**

**LOUIS VUITTON S.A., Plaintiff,**

v.

**GOLDEN LUGGAGE IMPORT CO. a/k/a Golden Luggage Co., "John" Yun and Clara "Doe", Defendants.**

Civ. A. Nos. 87–0419–EPS, 87–0420–EPS.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 28, 1988.

Robert P. Devlin, Catherine J. Crowley, Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, Scott M. Sarason, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Miami, Fla., for plaintiff.

Lee Milich, Miami, Fla., for defendants.

## MEMORANDUM OPINION

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SPELLMAN, District Judge.

In this action plaintiff Louis Vuitton, S.A. seeks (a) permanent injunctive relief restraining defendants from trafficking in counterfeit merchandise and (b) treble damages, attorneys' fees, and investigatory fees pursuant to 15 U.S.C. §§ 1114, 1116, 1117 and 1125, and the common law, as relief from defendants' acts of trademark infringement, false designation of origin and unfair competition.

On July 1, 1988, this Court granted plaintiff's Motion to Consolidate, to which defendants did not object, which consolidated the two actions which are set forth in the caption of this decision.

This matter was tried before this Court without a jury on July 25–26, 1988. After presentation of the case, this Court determined that judgment should be entered in favor of the plaintiff and against the defendants.

Pursuant to Rule 52(a), Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Vuitton is a *societe anonyme* duly organized and existing under the laws of the Republic of France, having its principal place of business in Paris, France. (Pre-trial Stipulation No. 6).

2. Defendants David Yun (served as "John" Yun) and Jung C. Yun (served as

"Jane Doe") conduct business under the assumed names of (a) Downtown Luggage Center ("Downtown Luggage"), at 36 S.E. 2nd Avenue, Miami, Florida, and (b) Golden Luggage Import Company (which is also known as Golden Luggage Co., and is referred to hereinafter as "Golden Luggage"), at 44 N.E. 1st Avenue, Miami, Florida. (Pre-trial Stipulation No. 7).

3. Vuitton, through its affiliated companies, is engaged in the sale and distribution in interstate and foreign commerce of prestigious merchandise, including a wide variety of luggage, ladies handbags, steamer trunks, garment bags, eyeglass cases, belts, wallets, jewelry cases and various other similar items. These products are generally sold throughout the United States in high quality retail stores, such as Saks Fifth Avenue and Neiman Marcus. (Pre-trial Stipulation No. 8).

4. Vuitton's merchandise has been widely advertised, offered for sale, sold and distributed throughout the United States under Vuitton's trademarks, including a trademark consisting of a distinctive pattern and arrangement of initials and designs. This trademark has been used by Vuitton in the United States for more than 50 years. (Pre-trial Stipulation No. 9).

5. Because of Vuitton's exclusive and extensive use and promotion of its trademark, it has acquired considerable value and has become well known to the consuming public and trade as identifying and distinguishing Vuitton exclusively and uniquely as the source of products to which it is applied. (Pre-trial Stipulation No. 10).

6. On July 6, 1979, Vuitton's trademark was entered on the Principal Trademark Register of the United States Patent and Trademark Office and, since September 20, 1932, has been registered with the United States Patent and Trademark Office as Registered Trade–Mark No. 297,594. This registration is in full force and effect. At all times, it has been owned exclusively by Vuitton or its predecessors. Moreover, Vuitton's trademark has been duly recorded with the Department of the Treasury, United States Customs Service, in accordance with the trademark laws of the United States. (Pre-trial Stipulation No. 11).

7. Defendants Downtown Luggage, Golden Luggage, David Yun and Jung C. Yun have knowingly and intentionally offered for sale, sold and distributed various types of handbags and other merchandise upon which are imprinted imitations and copies of Vuitton's Registered Trade–Mark No. 297,594. Vuitton has never authorized or consented in any way to the use by defendants of its registered trademark.[1] (Pre-trial Stipulation No. 12).

8. Pursuant to the Orders to Show Cause for Preliminary Injunction, Seizure and Impoundment Orders, Accelerated Discovery and Temporary Restraining Orders entered by Hon. Eugene P. Spellman and Hon. William M. Hoeveler on March 5, 1987, 48 articles of counterfeit Vuitton merchandise were seized from Downtown Luggage's business premises, and 44 articles of counterfeit Vuitton merchandise were seized from Golden Luggage's business premises on March 7, 1987. (Pre-trial Stipulation No. 13).

9. Defendants failed to offer any evidence as to the number of counterfeit Vuitton merchandise acquired or the cost of said articles. Although defendant David Yun testified that defendants' records, which had been properly seized pursuant to the two Orders to Show Cause for Preliminary Injunction, Seizure and Impoundment Order, Accellerated Discovery and Temporary Restraining Order, dated March 5, 1988, were returned by plaintiff in March of 1987, defendant David Yun did not organize these records so as to satisfy the Court or to satisfy himself with regard to the issue of the cost of items.

10. In open court, the parties stipulated that $2,799 was the amount of money spent

---

1. During the course of their depositions upon oral examination, defendants Jung C. Yun and David Yun admitted that they had knowingly and intentionally offered for sale and sold counterfeit Vuitton merchandise. Trial Exhibit 12.

(Transcript of the deposition upon oral examination of defendants Jung C. Yun and David Yun ("Dep. Transcript"), p. 33, lines 6–15; p. 34, lines 14–25; p. 36, lines 2–7; p. 55, lines 5–11).

by defendants to purchase, at wholesale, the counterfeit Vuitton merchandise. (See also, Trial Exhibit 16).

11. The Court accepts the testimony of Melvin Weinberg, a consultant to plaintiff's counsel, and an expert in the marketing of counterfeit Vuitton merchandise, that the typical mark-up on sales of counterfeit Vuitton merchandise is at least one hundred percent. Defendant Jung C. Yun admitted, during her deposition, to selling the counterfeit Vuitton merchandise for between $30 to $40. (Dep. Transcript at 38, lines 7–8, which was admitted as Trial Exhibit 12). Accordingly, the Court finds that defendants purchased each article of counterfeit Vuitton merchandise for approximately $17 (one-half the average sales price).

12. In view of this Court's finding that $2,799 worth of counterfeit Vuitton merchandise was purchased by defendants at wholesale for approximately $17 per article, this Court finds that 164 bags were acquired by defendants. (Trial Exhibit 16).

13. Since 92 articles of counterfeit Vuitton merchandise were seized by plaintiff from defendants' business premises on March 7, 1987, (Pre-trial Stipulation No. 13), of 164 bags purchased by defendants, 72 were sold by defendants. (Trial Exhibit 16).

14. Accordingly, as a matter of fact, this Court finds that defendants' gross sales were $2,520 (72 times $35) and, assuming one hundred percent markup, the amount of profits was $1,260 ($2,520 divided by 2). (Trial Exhibit 16).

## CONCLUSIONS OF LAW

15. Defendants' offer for sale and sale of counterfeit Vuitton merchandise constitutes trademark infringement in violation of 15 U.S.C. § 1114. (Pre-trial Stipulation No. 20).

16. Defendants' offer for sale and sale of counterfeit Vuitton merchandise constitutes a false designation of origin in violation of 15 U.S.C. § 1125. (Pre-trial Stipulation No. 21).

17. Defendants' offer for sale and sale of counterfeit Vuitton merchandise constitutes unfair competition in that such activity injures Vuitton's public image and reputation and dilutes the distinctive quality of its Registered Trade–Mark No. 297,594, and all rights held thereunder. (Pre-trial Stipulation No. 22).

18. Defendants' offer for sale and sale of counterfeit Vuitton merchandise violated 15 U.S.C. § 1117(b), since defendants "intentionally us[ed] a mark or designation [replicas of Vuitton's Registered Trade–Mark No. 297,594], knowing that such mark or designation ... [was] a counterfeit mark (as defined in section 1116(d) of ... title [15]), in connection with the sale, offering for sale or distribution or goods ..." (Pre-trial Stipulation No. 23).

19. Plaintiff is entitled to the entry of an injunction permanently enjoining defendants from trafficking in counterfeit Vuitton merchandise pursuant to 15 U.S.C. § 1116(a). (Pre-trial Stipulation No. 24).

20. Since defendants have knowingly and intentionally offered for sale and sold counterfeit Vuitton merchandise, plaintiff is entitled to (a) the entry of judgment in an amount representing three times defendants' illicit income and (b) the recovery or its reasonable attorneys' fees, investigatory fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b), together with the costs which it has incurred in connection with these actions. (Pre-trial Stipulation No. 25).

21. Defendants have failed to produce any credible evidence to refute plaintiff's reasonable estimate of defendants' profits from the sale of counterfeit Vuitton merchandise. If such evidence exists, it is within the defendants' sole control. As the Second Circuit Court of Appeals has stated:

> "Where ... the defendant controls the most satisfactory evidence of sales, the plaintiff need only establish a basis for a reasoned conclusion as to the extent of injury caused by the deliberate and wrongful infringement."

*Deering, Milliken & Co. v. Gilbert,* 269 F.2d 191, 193 (2d Cir.1959). In *Deering,* the court extrapolated from the available

evidence to determine a fair and realistic damage award. In *Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973 (2d Cir.1985) the court, citing *Deering*, observed:

"Where the defendant fails to produce evidence to refute plaintiff's evidence of defendant's sales of counterfeit products, the court must rely on less certain methods of proof."

22. The dollar amount spent by defendants to purchase the counterfeit Vuitton merchandise, divided by the approximate wholesale price of the counterfeit Vuitton merchandise, represents the number of articles of counterfeit Vuitton merchandise purchased by defendants. The differential between the number of articles of counterfeit Vuitton merchandise purchased by defendants, and the number of articles of counterfeit Vuitton merchandise seized on March 7, 1987 pursuant to Court Order, times defendants' profits for each article sold, represents a reasoned basis for the calculation of defendants' profits from the sale of counterfeit Vuitton merchandise.

23. This Court, therefore, concludes that defendants sold at least seventy-two articles of counterfeit Vuitton merchandise for an aggregate profit of $1,260.

24. As amended by the Trademark Counterfeiting Act of 1984, the Lanham Act requires that, in the case of intent and, knowing use of a counterfeit mark, the injured trademark owner be awarded treble damages and reasonable attorneys' fees:

"In assessing damages under subsection (the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater, together with a reasonable attorneys' fees."

15 U.S.C. § 1117(b).

25. Defendants have failed to make any showing of "extenuating circumstances." 15 U.S.C. § 1117(b). With regard to the cases cited by defendants' counsel in open court, all of those cases apply to 15 U.S.C. § 1117(a) which sets forth an entirely different standard for the awarding of attorneys' fees. 15 U.S.C. § 1117(a) applies to cases in which there has been no finding

that defendants' conduct was intentional. Here, defendants have stipulated that defendants' conduct was intentional and in violation of 15 U.S.C. § 1117(b). (Pre-trial Stipulation No. 23). Further, defendants Jung C. Yun and David Yun admitted during the course of their deposition that they intentionally offered for sale, sold and distributed merchandise knowing them to be copies of Vuitton's Registered Trade–Mark No. 297,594. (Pre-trial Stipulation No. 12). Thus, in the present case, 15 U.S.C. § 1117(b) is the applicable standard for the finding of attorneys' fees.

26. Plaintiff, therefore, is entitled to judgment awarding treble profits and reasonable attorneys' fees and investigatory fees, and to recover its costs, pursuant to 15 U.S.C. § 1117(b). *See City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (attorneys' fees award pursuant to statute may exceed damages otherwise recovered). See also, the Joint Statement on Trademark Counterfeiting Legislation which expressly provides that "[t]o the extent that an investigator acts under the direction of an attorney, however, his or her fees may be recovered by a prevailing plaintiff as part of an award of attorneys fees." 130 Cong.Rec. H12083 (October 10, 1984).

27. Based upon the deposition testimony of defendants David Yun and Jung C. Yun, the trial testimony of plaintiff's expert witness Melvin Weinberg, the statements of counsel in open court and the exhibits introduced in evidence, plaintiff Vuitton is entitled to the entry of judgment awarding damages of three times defendants' profits against defendants, jointly and severally, in the sum of $3,780. *See* 15 U.S.C. § 1117. (Pre-trial Stipulation No. 16).

28. As to the amount for reasonable attorneys' fees, the Court concludes that insofar as defendant Downtown Luggage is concerned, the sum of $6,069.25 to be reasonable, and, for Golden Luggage, the sum of $7,233.48 to be reasonable. (Trial Exhibits 14 and 15). In determining the reasonableness of attorneys' fees, this Court finds that, although liability was re-

solved in this case as early as June 15, 1987 and plaintiff incurred approximately $5,000 in attorneys' fees after June 15, 1987 for the preparation of trial, defendants also should bear the attorneys' fees incurred by plaintiff after June 15, 1987, since the defendants had an obligation to weigh realistically what plaintiff was contending the damages were in light of defendants' inability, or lack of effect, to prove a lesser damage amount. The attorneys' and investigatory fees of $18,813.73 incurred by plaintiff, as set forth in Trial Exhibits 14 and 15, were reduced by $5,511 due to the Courts' conclusion that plaintiff's attorneys' fees were somewhat higher than necessary, to the extent some effort was duplicated, for which the Court determined $5,511 should be disallowed. (Pre-trial Stipulation Nos. 17, 18, 19).

29. In addition, this Court concludes that attorneys' fees of $2,000 are reasonable for the costs of this trial. For both cases, this Court concludes that the sum of $15,302.73 was reasonable attorneys' fees, plus taxable costs. (Pre-trial Stipulation No. 17).

IT IS SO ORDERED.

## MEMORANDUM OPINION

### FINAL JUDGMENT ORDER AND PERMANENT INJUNCTION

This Court, having considered the Complaints for permanent injunctive relief and damages filed by plaintiff Louis Vuitton S.A. ("Vuitton") on March 5, 1987, the evidence and arguments presented at the trial of this matter of July 25–26, 1988, and having determined that it has jurisdiction over these matters based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and the principles of pendent jurisdiction, determines as follows:

1. Defendants DOWNTOWN LUGGAGE CENTER, GOLDEN LUGGAGE IMPORT CO. a/k/a GOLDEN LUGGAGE CO., DAVID YUN, JUNG C. YUN and their agents, servants, employees, successors and assigns, and all those in active concert or participation with them, be, and

they are, PERMANENTLY ENJOINED and RESTRAINED from:

(a) imitating, copying or making unauthorized use of Vuitton's Registered Trade–Mark 297,594;

(b) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Vuitton's Registered Trade–Mark 297,594;

(c) using any simulation, reproduction, counterfeit, copy or colorable imitation of Vuitton's Registered Trade–Mark 297,594 in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product, in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Vuitton, or to any goods sold, manufactured, sponsored or approved by, or connected with Vuitton;

(d) making any statement or representation whatsoever, or using any false designation or origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product manufactured, distributed or sold by defendants is in any manner associated or connected with Vuitton, or is sold manufactured, licensed, sponsored, approved or authorized by Vuitton;

(e) engaging in any other activity constituting unfair competition with Vuitton, or constituting an infringement of any of Vuitton's rights in, or to use or to exploit, said trademark, or constituting any dilution of the Vuitton name, reputation or goodwill; and

(f) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Defendants DOWNTOWN LUGGAGE CENTER, GOLDEN LUGGAGE IMPORT CO. a/k/a GOLDEN LUGGAGE CO., DAVID YUN, and JUNG C. YUN

shall deliver to plaintiff Vuitton any and all products, labels, signs, prints, packages, dies, wrappers, receptacles and advertisements in defendants' possession or under their control, bearing Vuitton's trademark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same.

3. Plaintiff Vuitton is awarded, and defendants DOWNTOWN LUGGAGE CENTER, GOLDEN LUGGAGE IMPORT CO., a/k/a GOLDEN LUGGAGE CO., D.AVID YUN, and JUNG C. YUN are jointly and severally liable for damages in the total amount of $3,780 representing three times the sum of $1,260, which has been established and determined by this Court to be the minimum amount of wrongful profits realized by defendants as a result of the sale of counterfeit Vuitton merchandise.

4. Plaintiff Vuitton is further awarded pre-judgment interest on the damages specified in the preceding paragraph.

5. Plaintiff Vuitton is hereby awarded reasonable attorneys' fees plus reasonable investigatory fees in the amount of $15,302.73.

6. Plaintiff Vuitton is entitled to recover its costs of this action as may be taxed by the Clerk of the Court.

IT IS SO ORDERED.